**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 17-7620**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BARKLEY GARDNER, a/k/a Big Black,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. Malcolm J. Howard, Senior District Judge. (4:95-cr-00041-H-8)

_____

Submitted: March 29, 2018                    Decided: April 3, 2018

_____

Before AGEE and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed in part, dismissed in part by unpublished per curiam opinion.

_____

Barkley Gardner, Appellant Pro Se. Joshua Bryan Royster, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Barkley Gardner seeks to appeal the district court's order and judgment construing his Fed. R. Civ. P. 60(b) motion for reconsideration of the district court's order denying relief on his 28 U.S.C. § 2255 (2012) motion as a successive § 2255 motion, and dismissing it on that basis, and dismissing without prejudice his successive § 2255 motion. We have reviewed the record and conclude that the district court correctly determined that Gardner's motions was not a "true Rule 60(b)" motion but, in substance, a successive § 2255 motion. *See United States v. McRae*, 793 F.3d 392, 397 (4th Cir. 2015); *see also Gonzalez v. Crosby,* 545 U.S. 524, 531-32 (2005) (explaining difference between true Rule 60(b) motion and an unauthorized successive habeas motion). We therefore conclude that Gardner is not required to obtain a certificate of appealability to appeal that portion of the district court's order. *See McRae*, 793 F.3d at 400. We nonetheless conclude that the district court correctly determined that, in the absence of prefiling authorization, it lacked jurisdiction to consider the successive § 2255 motion. *See* 28 U.S.C. § 2244(b)(3) (2012). Accordingly, we affirm in part the district court's order and judgment.

Insofar as Gardner seeks to appeal the district court's order and judgment dismissing without prejudice his § 2255 motion, the order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v.*

2

*McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. We have independently reviewed the record and conclude that Gardner has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss in part the appeal.

Additionally, we construe Gardner's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. *United States v. Winestock*, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either:

> (1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Gardner's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

3